## CAREW & COATES v. NORTHRUP.

1. A note payable to A B, or bearer, will not sustain an action in the name of any one but the payee, or his assignee; nor will such a note be a good set-off in favor of any one, except the payee, or his assignee.

ERROR to the Circuit Court of Autauga.

This was an action of assumpsit, brought by the plaintiffs against H. M. Northrup & Co. on a promissory note given by the defendants to the plaintiffs for the payment to them, or bearer, of two hundred and seventeen 65-100 dollars, twelve months after date. The declaration was filed against H. M. Northrup alone, and the action discontinued as to Andrew B. Northrup, on whom process was not served. The defendant pleaded, in short, set-off, non-assumpsit, and payment. On the trial of the cause, it appears by a bill of exceptions, that the plaintiffs introduced, as evidence, the promissory note described in the declaration.

The defendant then offered to read, as a set-off, a note, of which the following is a copy:

" $100. " West Wetumpka, 13th March, 1837.

" Fifteen months after date, we promise to pay Francis Gray, or bearer, one hundred dollars, for value received, if not punctually paid, interest from date.

" CAREW & COATES."

The defendant having proved that said note was made by the plaintiffs, and having proved that said last note was in possession of defendant long before the commencement of this action—the plaintiff objected to the defendant's reading said last note, *because it was not endorsed by the payee, Gray.* But the court overruled the objection, the plaintiffs excepted to the opinion of the court, prosecuted his writ of error, and now assigns the following:

There is error in said record, in the admission upon the trial, of the note made by plaintiffs, as set out in the bill of exceptions.

Pryor, for plaintiff in error.

CLAY, J.—The question here raised, is settled by reference to the act of June 30th, 1837; [Meek's Sup. 108, § 1. It is in the following words:

" That from and after the first day of July next, all bonds, bills, or notes, which shall be made payable to any person or persons, or bearer, or, to any corporation, or bearer, shall have the effect of creating an obligation, or liability in favor of the corporation, or person or persons, only, to whom any such bond, or note, may be expressly made payable; and *no one but such corporation, or person, or persons, or their endorsee, or personal representative, shall have a right to maintain, in his own name, an action upon any such bond, bill, or note."*

It is obvious, that to enable any other person but the payee, or obligee, of such a bond, bill, or note, to sustain an action in his own name, it must be indorsed—he cannot do so *as bearer.* [See Kinney v. Campbell, 1 Ala. Rep. N. S. 92.] The note offered, as a set-off, was not payable to the defendant, nor indorsed to him: a set-off is in the nature of a cross action, and can only be good in favor of one who could maintain an action upon it in his own name; consequently, the court erred in admitting the note offered by the defendant, as a set-off.

Let the judgment of the Court below be reversed, and the case remanded.